Stephen M. Doniger, Esq. (SBN 179314)
Email: stephen@donigerlawfirm.com
David Shein, Esq. (SBN 230870)
Email: david@donigerlawfirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, CA 90230
Telephone (310) 590-1820
Facsimile (310) 417-3538
Attorneys for Defendant/CounterClaimants

*[watermark: NOTE CHANGES MADE BY THE COURT]*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMSIGHT, INC., a California Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> HAMAMATSU CORPORATION, a New Jersey Corporation; DOES 1-30, inclusive; <br><br> Defendants. <br><br> And Related Counterclaim. | Case No.:CV 10-1677 MMM (AGRx) <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> [[Proposed] Order lodged herewith] |

    To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under Rule 26(c) of the Federal Rules of Civil Procedure and with the consent of the parties, ORDERED:

1.   **Non-disclosure of Stamped Confidential Documents.** Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential document, no Stamped Confidential Document, as the term is defined below, may be disclosed to any person.

2.   **Stamped Confidential Document.** Any information, document, or thing produced by any party, third party, or non-party (the "Producing Entity") in connection with this litigation that is reasonably and in good faith believed by counsel for the Producing Entity or any party to contain that Producing Entity's or party's trade secrets,[1] including but not limited to information regarding: sales figures, sales prices, sales or licensing fees, distributors, manufacturers, customers, purchasers, marketing, advertising, technical information regarding the testing, evaluation, development, and manufacturer of the parties respective products, including but not limited sensors, or other commercial information subject to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure may be designated as "CONFIDENTIAL." A "Stamped Confidential Document" shall mean any document which bears the legend (or which shall otherwise have the legend recorded upon it in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL" to signify that it contains information believed to be subject to protection under Fed. R. Civ. P. 26(c)(7). For purposes of this Order, the term "document" shall mean all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to Fed. R. Civ. P. 30, Fed. R. Civ. P. 31, Fed. R. Civ. P. 33, Fed. R. Civ. P. 34, Fed. R. Civ. P. 36, subpoena, by agreement or otherwise. Interrogatory answers,

---

[1] A "trade secret" is "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." CAL. CIVIL CODE § 3426.1.

responses to requests for admission, deposition transcripts and exhibits may be designated "CONFIDENTIAL", but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection. Pleadings, motions, affidavits, and briefs that quote, summarize or contain information reflected in any Stamped Confidential Document shall be ~~filed under seal in accordance with~~ Subject to the procedures in section 11, *infra*.

3.   **Permissible Disclosures.** Notwithstanding paragraph 1 above, Stamped Confidential Documents may be disclosed to:

(a)   the parties in this action and their employees;

(b)   counsel for the parties in this action, including partners, associates, staff attorneys, paralegals, secretaries, paralegal assistants and employees of such attorneys in connection with work on this action;

(c)   to any authors of the Stamped Confidential Documents;

(d)   to ~~the Court officials involved in this litigation (including~~ court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court;

(e)   to any person designated by a party as an expert, or to outside consultants retained for the purpose of assisting counsel in the litigation; and

(f)   to any other person that the parties to this action agree in writing;

provided, however, that each person in categories identified in subparagraphs (c) through (f) above to whom disclosure of Stamped Confidential Documents is to be made, shall, in a written instrument (in the form of the Declaration attached as Exhibit A to this Order) executed prior to any disclosure, acknowledge that such person has read and understands that terms of this Order and agrees to comply with, and be bound by, this Order until modified by further Order of this Court or by agreement of the parties hereto. Counsel for the party

disclosing Stamped Confidential Documents to such persons shall maintain copies of those executed recitals and shall, upon the termination of this action, provide to opposing counsel one copy of an executed recitals for each person to whom Stamped Confidential Documents were disclosed.

4. **Motion to Disclose**. In the event that a party desires to provide access to Stamped Confidential Documents hereunder to any person or category of persons not included in paragraph 3 hereof, that party shall move this Court for an order that such person or category of persons may be given access to such documents. The party asserting confidentiality shall have the burden of establishing the confidentiality of any documents challenged in a motion to disclose. In the event that the motion is granted, such person or category of persons may have access to such documents on whatever conditions or terms the Court shall require.

5. **Declassification**. The parties agree to work together in good faith to resolve disputes over whether particular Stamped Confidential Documents are within the scope of materials to be protected from disclosure by Rule 26(c) of the Federal Rules of Civil Procedure or this Order. Should the parties fail to agree, a party (or aggrieved entity permitted by the Court to intervene for such purpose) may move this Court for an order that Stamped Confidential Documents are, in fact, not within the scope of protection afforded by Rule 26(c) of the Federal Rules of Civil Procedure or this Order; or that materials voluntarily disclosed by a party in these proceedings should not be subject to the protections of this Order. In addition to service on the opposing party, a copy of any such motion shall be served on any non-party who is the Producing Entity with respect to the materials at issue and such non-party Producing Entity shall have standing to oppose such motion before the Court. The party asserting confidentiality shall have the burden of establishing the confidentiality of any document that is the subject of a motion

to declassify. Until declassified by the Court, all Stamped Confidential Documents shall remain subject to the terms of this Protective Order.

6. **Timing for Designation.** Documents may be designated Confidential by the Producing Entity or by any party whose trade secrets are contained therein. When a Producing Entity designates documents Confidential, it may do so by marking the documents when they are made available for inspection, produced or served. A party who is not a Producing Entity may designate documents Confidential by specifically identifying them in a letter sent to the Producing Entity and all other parties within 25 days of the date they are first served upon that party or otherwise made available for that party's inspection.

7. **Inadvertent Failure to Effect Designation.** Inadvertent failure by a Producing Entity or party to designate a document Confidential prior to the disclosure or production of that document will not prevent a subsequent designation by letter to the receiving party promptly sent after discovery of such inadvertent failure, provided that any disclosure of such documents by the receiving party prior to such designation will not be a violation of this Order.

8. **Confidential Information in Depositions.**

   (a) A deponent may during deposition be shown, and examined about, Stamped Confidential Documents provided the deponent falls within one of the categories 3(a) through (f) and the other provisions of paragraph 3 are complied with prior to the time the deponent is shown any Stamped Confidential Documents. The party seeking to show and examine a deponent about a Stamped Confidential Document shall have the burden of establishing that the deponent falls within one of the categories 3(a) through (f) before showing or examining deponent about said documents or the confidential information contained therein.

   (b) Any party or Producing Entity may designate testimony or exhibits as Confidential, in accordance with the terms of paragraph 2 during a

deposition by so stating on the record either at the commencement of the proceeding or at any time during the proceeding, in which event all persons who are not entitled to be privy to the confidential information contained in such documents shall be excluded from those portions of the proceeding at which such information is disclosed. In the event that testimony or exhibits are designated Confidential during a proceeding, the Court Reporter shall transcribe separately and bind separately those portions of the testimony and/or exhibits designated as Confidential and shall mark the face of the separately bound transcript containing such confidential testimony and/or exhibits "Confidential Pursuant to Court Order."

(c) In addition, parties and Producing Entities may, within thirty (30) days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as Confidential in accordance with paragraph 2 hereof. Such pages within the deposition transcript (or exhibits thereto) may be designated by underlining the portion of the pages and marking such pages as indicated in paragraph 2 above. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential. If a timely designation is made, the designated portions and exhibits shall be filed under seal separately from the portions and exhibits not so designated.

9. **Confidential Information at Trial**. This Stipulation and Protective Order only governs pre-trial matter in this action. Confidentiality concerns at trial will be separately addressed to the Court at that time as appropriate.

10. **Subpoena by Other Courts or Agencies**. If another court or an administrative agency subpoenas or orders production of Stamped Confidential Documents which a party has obtained in this action under the terms of this Order, such party shall promptly notify the Producing Entity or other person who

designated the documents as such of the pendency of such subpoena or order. If the designating party elects to resist production of the materials, it shall promptly so notify the subpoenaed party and the latter shall cooperate in affording the designating party the opportunity to oppose or limit production of the materials.

11. **Filing.** Stamped Confidential Documents may not be filed with the Clerk except when deemed in good faith by counsel to be required in connection with motions under Fed. R. Civ. P. 12 or 56 or other matters, including discovery-related matters, pending before the Court. The filing party shall lodge the Stamped Confidential Documents with the Court along with an *ex parte* application to file them under seal, pursuant to Local Rule 79-5.1. If filed under seal, they shall remain sealed while in the office of the Clerk ~~so long as they retain their status as Stamped Confidential Documents and/or~~ until further order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal. All papers or other filings with the Court that refer to, quote from or contain information obtained from Stamped Confidential Documents shall filed in two formats. A complete version of the paper or other filing shall be lodged with the Court along with an *ex parte* application to file them under seal, pursuant to Local Rule 79-5.1. If filed under seal, they shall remain sealed while in the office of the Clerk ~~so long as they retain their status as Stamped Confidential Documents and/or~~ until further order of the Court. In addition, a second version of the paper or other filing which omits any information contained in or obtained from Stamped Confidential Documents shall also be filed.

12. **Client Consultation.** Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and relying generally on examination of Stamped Confidential Documents.

13. **Use.** Persons obtaining access to Stamped Confidential Documents under this Order shall use the information only for preparation and trial of this

litigation (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, administrative or judicial proceedings.

14. **Non-Termination**. The provisions of this Order shall not terminate at the conclusion of this action and shall remain in full force and effect after the conclusion of this action to provide the Court with jurisdiction to enforce its terms. Within a hundred twenty (120) days after final conclusion of all aspects of this litigation, Stamped Confidential Documents and all copies of same (other than exhibits of record) shall be returned to the party or person that designated such documents Confidential or, at the option of the designating person or party, shall be destroyed. All counsel of record shall make certification of compliance herewith, and shall deliver the same to counsel for the party who produced the documents not more than one hundred fifty (150) days after final termination of this litigation. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, discovery, motion papers, transcripts, legal memoranda, correspondence, and attorney and consultant work product, even if such materials contain Stamped Confidential Documents. Any such archival copies that contain or constitute Stamped Confidential Documents remain subject to this Protective Order and shall be maintained in a safe and secure manner.

15. **Modification and No Waiver Permitted**. Nothing in this Order shall prevent any party or other person from seeking modification of this Order (either by motion or agreement of the parties hereto, subject to Court approval), from objecting or seeking further limitations on discovery that it believes to be otherwise improper, or from seeking further or different orders from the Court. In addition, by stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party

8
STIPULATED PROTECTIVE ORDER

1 waives any right to object on any ground to use in evidence any of the material covered by this Protective Order

16. **Voluntary Dissemination and Waiver.** Nothing contained herein shall preclude a Producing Entity or party from using or disseminating its own confidential information in any way or waiving any provision in this Order with respect to any Stamped Confidential Document designated by it without further order of the Court.

17. **Responsibility of Attorneys.** The attorneys of record are responsible for employing reasonable measures to control, consistent with this order, duplication of, access to, and distribution of copies of Stamped Confidential Documents. Parties shall not duplicate any Stamped Confidential Documents except working copies and for filing with the Court under seal.

///
///
///

18. The parties recognize that, during the course of this action, there may be produced Stamped Confidential Documents from a non-party to which there exist an obligation of confidentiality. Documents originating with a non-party that a Producing Entity reasonably and in good faith believes are subject to a confidentiality obligation may, where otherwise appropriate, be designated Stamped Confidential Documents and shall be subject to the restrictions on disclosure specified in this order.

SO STIPULATED.

Dated: September 20, 2010        DONIGER / BURROUGHS APC

By: /S/ David Shein
David R. Shein, Esq.
Attorneys for Defendant and
Counterclaimant Hamamatsu Corporation

Dated: September 20, 2010        LAW OFFICES OF JOHN Y. SONG, PC

By: /S/ John Song
John Q. Song, Esq.
Attorneys for Plaintiff and Counterdefendant
Camsight, Inc

IT IS SO ORDERED.
DATED: 9/30/10
*Alicia G. Rosenberg*
UNITED STATES MAGISTRATE JUDGE

Case 2:10-cv-01677-MMM-AGR   Document 26   Filed 09/30/10   Page 11 of 11   Page ID #:407
Case 2:10-cv-01677-MMM-AGR   Document 21   Filed 09/22/10   Page 11 of 11   Page ID #:377

# EXHIBIT A

## AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER

1. I, _____, have read the foregoing Stipulation and Order of Confidentiality entered in the action entitled *Camsight, Inc., v. Hamamatsu Corporation* CV 10-1677 MMM (AGRx) on _____[Date]_____, and agree to be bound by its terms with respect to any information, documents or materials designated by the parties and/or nonparties as "Confidential" that are furnished to me as set forth in the Order.

2. I further agree not to disclose to anyone and not to make any copies of information, documents or materials designated by the parties and/or nonparties as "Confidential" furnished to me except in accordance with the Order.

3. I hereby consent to the jurisdiction of the United States District Court for the Central District of California with respect to any proceedings to enforce the terms of the Order and the punishment of violations thereof.

Dated:_____

By:_____

_____
[Signature]

11
STIPULATED PROTECTIVE ORDER